IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GENE PHILLIPS,

        Plaintiff,                No. CIV S-05-2195 FCD PAN P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.         ORDER

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiff's request to proceed in forma pauperis.

        Plaintiff alleges that in 2002 he entered into a plea agreement in the Los Angeles County Superior Court in Norwalk, California, pursuant to which he agreed to plead no contest to criminal charges in exchange for a five year prison sentence with credit for five years served and no parole term. Plaintiff alleges that in 2002, defendant Kim Jones, a parole agent in Ontario, California, informed plaintiff that he was ineligible for $200.00 in release funds because he was not on parole and threatenend plaintiff with arrest if he did not leave the office. Plaintiff further alleges in 2005 he was arrested and charged with being a parolee at large; that in May 2005,

1

1  defendant Jones advised plaintiff that he had been scheduled for a hearing before the California
2  Board of Prison Terms on charges of absconding, that the hearing on those charges was held at
3  the West Valley Jail in San Bernardino County, California on May 13, 2005, and that plaintiff
4  was improperly returned to custody after the hearing.  Finally, plaintiff alleges that he was
5  released from custody on July 2, 2005 and then arrested in Sacramento County for being a
6  parolee at large.
7         Plaintiff claims that the foregoing events have violated his right to due process
8  and have resulted in his "illegal and unlawful imprisonment."  He names two defendants:
9  California Governor Arnold Schwarzenegger, against whom the only allegation raised is that
10 plaintiff sent notice to the Governor of his illegal imprisonment during a period when he was in
11 custody; and parole agent Kim Jones.
12         The federal venue statute requires that a civil action, other than one based on
13 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
14 defendants reside in the same State, (2) a judicial district in which a substantial part of the events
15 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
16 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
17 no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).
18         In this case, the only defendant against whom cognizable allegations may have
19 been raised does not reside in this district.  Plaintiff's claims follow a criminal judgment entered
20 in the Los Angeles County Superior Court, and principally involve events in Ontario, California
21 and San Bernardino County, California.[1]  Therefore, this action claim should have been filed in
22 the United States District Court for the Central District of California.  In the interest of justice, a
23 /////

---

[1] Plaintiff does complain of an allegedly unlawful arrest in Sacramento, but that arrest, too, was apparently based on plaintiff's parole status, which he disputes and which, according to the allegations of the complaint arose, if at all, from events in southern California.

1  federal court may transfer a complaint filed in the wrong district to the correct district.  See 28

2  U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

3        Accordingly, IT IS HEREBY ORDERED that:

4        1. This court has not ruled on plaintiff's request to proceed in forma pauperis or

5  plaintiff's motion for service of process by the United States Marshal; and

6        2. This matter is transferred to the United States District Court for the Central

7  District of California.

8  DATED: April 7, 2006.

                UNITED STATES MAGISTRATE JUDGE

12
phil2195.22